**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

ALBERT HERNANDEZ
ADC #65214                                                                                                        PLAINTIFF

V.                                           2:05CV00137 JLH/JTR

DR. LY, et al.                                                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the requested hearing before the
    United States District Judge was not offered at the hearing before the

      Magistrate Judge.

3.     An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is currently incarcerated at the Cummins Unit of the Arkansas Department of Correction ("ADC"), has commenced this *pro se* § 1983 action alleging that Defendants have violated his constitutional rights. *See* docket entries #2, #3, #16, and #65. Specifically, Defendant alleges that on October 7, 2002, he tried to kill himself by severely cutting his arms. *See* docket entry #2, #3, #16, and #65. While his injuries were healing, Plaintiff noticed numbness in his arms and hands. *Id.* Plaintiff was told that the feeling would return as his injuries healed. *Id.* However, Plaintiff contends that the feeling has not returned and is gradually worsening. *Id.* According to Plaintiff, since February 24, 2005, Defendants, who are all healthcare employees of Correctional Medical Services, Inc. ("CMS"), have failed to provide him with adequate medical care for the loss of feeling he is experiencing in his arms and hands. *Id.*

Defendants have filed three Motions to Dismiss and Supporting Briefs.[1]  *See* docket entries #58, #60, #72, #73, #81, and #82.  Plaintiff has filed a Response and several Supplemental Responses, to which Defendants have filed a Reply.  *See* docket entries #74, #75, #78, #85, #86, and #90.  For the reasons set forth herein, the Court recommends that Defendants' Motions to Dismiss be granted, and that this case be dismissed, without prejudice.

## II. Discussion

In their Motions to Dismiss, Defendants contend that this action must be dismissed, without prejudice, because Plaintiff has failed to exhaust his administrative remedies.  *See* docket entries #58, #72, and #81.  This argument is well taken.

The Prison Litigation Reform Act provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The purpose of the exhaustion requirement is to give prison officials the opportunity to rectify the perceived problem before the courts become involved.  *Porter v. Nussle*, 534 U.S. 516, 525 (2002).  Importantly, the Eighth Circuit has clarified that § 1997e(a) requires inmates to: (1) fully exhaust their administrative remedies as to each separate claim raised in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court.  *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).

---

[1] The original Motion to Dismiss was filed by Defendants Coleman, Perdue, Blake, Crawford, Eifling, Plant, Jumper, Taylor, and Hill.  *See* docket entry #58.  Soon after they were added to this action, Defendants Ly and Delight filed their Motions to Dismiss, which are identical to the original Motion to Dismiss filed by the other Defendants.  *See* docket entries #72 and #81.

To fully exhaust administrative remedies in regard to the conditions of confinement, an inmate must: (1) file a grievance; (2) appeal the denial of that grievance to the Warden; and (3) appeal the Warden's decision to the ADC Deputy/Assistant Director. *See* ADC Adm. Dir. 04-01 § IV(G)(5) (February 1, 2004). Plaintiff has provided the Court with a June 8, 2005 informal resolution form in which he challenged the alleged lack of adequate medical care for the numbness he is experiencing in his arms and hands. *See* docket entry #2, attachment. However, Plaintiff has failed to provide the Court with any evidence suggesting that he appealed the denial of that informal resolution or that he otherwise properly and fully exhausted his administrative remedies in regard to that claim.[2]

In contrast, Defendants have provided the Court with the sworn Declaration of Brenda Bearden, who the is Regional Ombudsman for CMS. *See* docket entry #58, attachment. In her Declaration, Ms. Bearden explains that, after reviewing Plaintiff's grievance, she has determined that Plaintiff has: (1) "never exhausted a grievance related to his [August 7, 2002] injury, or any numbness in his hands and fingers related to that injury"; and (2) not appealed any medical grievances since 2001. *Id.*

In his Response and Supplemental Response, Plaintiff seems to concede that he has not exhausted his administrative remedies because medical grievances are handled by CMS personnel, while grievances regarding other types of prison conditions are handled by ADC personnel. *See*

---

[2] Plaintiff has also provided the Court with two April 18, 2006 informal resolution forms, and one April 19, 2006 grievance form in which he complains that he was wrongfully convicted of a disciplinary infraction and that Dr. Clark is retaliating against him for ending their sexual affair. *See* docket entry #90. However, those forms do not establish exhaustion because: (1) they have nothing to do with the inadequate medical care claim raised in this case; (2) they were filed after Plaintiff commenced this action on June 20, 2005; and (3) Plaintiff has not presented any evidence that he appealed the denial of those informal resolutions/grievances.

docket entries #74, #78, #85, and #86. The Court is well aware that there are different grievance and appeal forms that must be used when a prisoner is grieving a medical matter. However, Plaintiff has not explained why he failed to use the medical grievance procedure. In fact, in one of his Supplemental Responses, Plaintiff concedes that he sent a grievance to CMS personnel, and then immediately filed this lawsuit after it was denied, instead of appealing the denial of the grievance through the proper CMS channels. *See* docket entry #86.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motions to Dismiss (docket entries #58, #72, and #81) be GRANTED, and that this case be DISMISSED, WITHOUT PREJUDICE, because Plaintiff has failed to fully and properly exhaust his administrative remedies.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3),[3] that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 8th day of May, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides that: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."